**G. W. WEBB et al., Individually and as Representatives of a Class, Appellants,**

**v.**

**T. B. BOGGS et al., Trustees of The United Baptist Church at Sulphur Springs, Appellees.**

Court of Appeals of Kentucky.

Feb. 7, 1958.

Kit C. Elswick, Eldred E. Adams, Louisa, for appellants.

C. F. See, Jr., Louisa, for appellees.

CAMMACK, Judge.

This action was instituted by the appellees, T. B. Boggs, D. W. McDavid and Fred McDavid, self-named Trustees of the United Baptist Church at Sulphur Springs, against the appellants, G. W. Webb and other residents of Webbville, in Lawrence County, to enjoin the appellants from interfering with the use of a building claimed to be the property of the United Baptist Church at Sulphur Springs. This motion for an appeal is from a judgment which quieted title to the property in the appellees, and enjoined the appellants from asserting any title or claim to it. The value of the property was fixed at $2,000. We are sustaining the motion and reversing the judgment because we believe the findings on which the judgment was based are clearly erroneous. CR 52.01.

The appellants contend that reversal should be granted because (1) civil courts have jurisdiction to determine property rights when differences arise between a church and the public; (2) the appellees established a new church which is not a continuation of the church to which the property was conveyed originally; (3) each local Baptist Church is independent and no superior church has jurisdiction over its property; (4) the property was dedicated to community use; (5) upon dissolution of a church its property vests in the county court; and (6) the appellees

are barred by laches, estoppel and irrevocable license from claiming exclusive use of the property.

Before the turn of the century there was a church in Webbville called the United Baptist Church at Sulphur Springs. This church and a fraternal order, The Knights of the Golden Eagle, by deeds, took title to the land on which the building in dispute was erected. The deeds were executed about 1890 when the church membership exceeded 100. By 1928 the membership had declined to one elderly person. The Golden Eagles apparently abandoned their lodge nest along with the passing of the eagle from the sky.

In 1920 a dedication of the church property to Christian use (with certain exceptions) was attempted by the members, or at least some of them. Since that time the building has been used by other Protestant denominations and fraternal orders and for community purposes. Upon occasions it has been used as a school. Residents of the Webbville community have kept the building in a reasonable state of repair.

In 1954 the appellees, with the aid of the Paint Union Association, organized a church which they named the United Baptist Church at Sulphur Springs. The original church was a member of the Blaine Association. The Blaine Association first offered to extend an arm to the appellees, who were originally members of the Big Blaine Church, but withdrew because of a difference over an Article of Faith. The appellees claimed the old church property for the new church. The basis of their claim seems to have been that the old church was never actually out of existence but was dormant, and the new church represented a revitalization of the old one.

▆▆▆ The special trial judge concluded that it was not within the jurisdiction of the court to determine whether the church as it now exists is a continuation of the old church or a new and independent church. This, he said, was a matter for the church

itself in transacting its business and the civil court had no jurisdiction to inquire into the regularity or irregularity of the church procedures. The appellants argue that the court does have jurisdiction when property rights of a class outside the membership of the church are involved. We believe the appellants' argument is well grounded, in view of the facts and circumstances peculiar to this case. By refusing to decide whether the church as it now exists is in fact a new church, the trial judge gave the appellees the right to claim title to the property under the deeds to the old church whose last member was elderly in 1928 and died sometime thereafter. If the church as it now exists is actually a new church, the fact that its name is the same as the old church does not of itself give the appellees the right to claim title under the old deeds. The evidence overwhelmingly supports our conclusion that the present church is a completely new organization. It was organized with the aid of the Paint Association and not that of the Blaine Association with which the old church was affiliated.

▆▆▆ The appellants point out that each local Baptist Church is wholly independent and that title to the property could not have been in any superior church authority during the interim between the demise of the old church and the organization of the present church. This would be a matter of church policy. In this case the proof shows that the local church handled its property independently of any superior authority. That is consistent with Baptist Church policy. Thomas v. Lewis, 224 Ky. 307, 6 S.W.2d 255, 258.

▆▆▆ The appellants insist that the old church dedicated the property to community purposes. In support of their argument they introduced a signed paper purporting to make such a dedication, but there was no proof that the dedication was sanctioned by the church. While the trial judge was warranted in finding that the dedication was ineffectual, it was shown

conclusively that from around 1920 the church building was used for general community purposes.

The appellants urge that, since the old church is no longer in existence, title to the land has vested in the county court under KRS 273.130. In 1928 there was only one member of the old church remaining. Certainly the dissolution was complete upon the death of that member. The new group, (the appellees) self-styled the United Baptist Church at Sulphur Springs are mere interlopers. Under KRS 273.130 steps could be taken to appropriate the old church property to common school purposes, after the disposition of any question of remainder interests under the old deeds.

It is unnecessary to discuss whether the appellees are barred by laches since, as we have shown, they have no right to claim the disputed property.

The judgment is reversed, with directions that it be set aside, and for the entry of a judgment consistent with this opinion.